UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOLI FOLLY-NOTSRON,<br>Plaintiff<br><br>v.<br><br>180 BROADWAY LIQUOR INC, aka CHELSEA LIQUOR MART, and ALLISON DIAZ (individually),<br>    Defendants | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. The Plaintiff, Mr. Folly-Notsron, seeks redress for discrimination against him on the basis of his race (Black) and disability (Blind), suffered by him in violation of the laws of the United States and of Massachusetts, by unlawful treatment of him, by Defendants, at a place of public accommodation.

### JURISDICTION

2. This suit is brought under the provisions of Title VII of the 1964 Civil Rights Act, 42 U.S.C Section 2000e.- *et seq* , as amended, and the American with Disabilities Act of 1990, as amended, 42 U.S.C. section 12101- *et seq.*  This court's jurisdiction to hear those claims is based upon 28 U.S.C § 1331.  In addition, pendent state claims arising under Massachusetts statutory law are brought under Rule 18(a) of the Federal Rules of

       Civil Procedure and the aforementioned §1331.

3. The Plaintiff has complied with all jurisdictional conditions precedent to the filing of this civil action.

4. The Plaintiff filed a charge of discrimination, which alleged unlawful discrimination because of race and disability with the Massachusetts Commission Against Discrimination on October 26, 2020.

5. The Plaintiff also made a timely Demand Letter under the provisions of the Massachusetts Consumer Protection Statute, M.G.L. c. 9 3A, §9.

6. Defendants did not provide a reasonable response to Plaintiff's 93A Demand Letter.

7. This civil action is commenced within three years of the alleged violations of which the Plaintiff complains.

## PARTIES

8. The Plaintiff, Foli Folly-Notsron, is a Chelsea, MA resident.

9. 180 Broadway Liquor Inc., a.k.a Chelsea Liquor Mart, is an active and licensed liquor store located at 180 Broadway, Chelsea, MA.

10. Upon information and belief, Allison Diaz is a resident of Massachusetts.

## FACTS

11. The Plaintiff, Folly-Notsron, is blind.

12. He was born with poor vison and lost his remaining vison in the past ten years.

13. He walks with a white cane to tap around.

14. Plaintiff's race is black.

15. He has been a resident of Chelsea, MA since 2004.

16. He immigrated to the United States from Togo in, or around 1995, and became a U.S. citizen around 2010.

17. Chelsea Liquor Mart is a retail establishment that sells, inter-alia, liquor.

18. In order to be able to sell liquor, Chelsea Liquor Mart must be licensed and authorized by the Commonwealth of Massachusetts, and is indeed license by the state.

19. Failure to be properly licensed while selling liquor is punishable by both civil and criminal statutes in the Commonwealth of Massachusetts.

20. At all relevant times herein, Chelsea Liquor Mart sold liquor pursuant to the license it obtained by the Commonwealth of Massachusetts.

21. But for its obtaining a valid liquor license from the Commonwealth of Massachusetts, Chelsea Liquor Mart could not sell liquor.

22. Chelsea Liquor Mart is open to the public at large.

23. As such, it is obligated to adhere to state and federal laws and regulations.

24. Such laws and regulations, for example, include Massachusetts General Laws c. 12, §11I, Chapter 93, §102, sub-chapter III of 42 U.S.C. 126, 42 U.S.C. 21 §1981, 42 U.S.C. 21 §1983, among others.

25. On June 18, 2020, around 1:45 P.M., Mr. Folly-Notsron went to the "Chelsea Liquor Mart," a local store that he had patronized for the preceding 16 years.

26. Mr. Folly-Notsron's reason for patronizing Chelsea Liquor Mart was to buy alcoholic beverages and products.

27. Because of his disability, Mr. Folly-Notsron regularly asked the store clerks to help him with the items he wanted to buy.

28. That day, he wanted to buy five bottles/cans of beer.

29. After his order, a store worker, Allison Diaz, placed his items in one bag.

30. Mr. Folly-Notsron her to double bag his items.

31. Upon information and belief Ms. Diaz was the store manager at the time, or acting as such on the date in question.

32. Mr. Folly-Notsron made the request for double bagging because the items were heavy and he was concerned that a single bag may not be able to sustain the weight.

33. At that point, Ms. Diaz told Mr. Folly-Notsron, "I will not be able to double bag."

34. Mr. Folly-Notsron then complained, "This is not okay; I always ask for double bag."

35. Ms. Diaz then replied, "Go somewhere else. I don't need your *Black, Blind* money. Go somewhere else".

36. Upon information and belief, Ms. Diaz is neither black, nor blind, and does not identify as such.

37. Mr. Folly-Notsron said to Ms. Diaz that "this is America, we have laws here" or words substantially similar.

38. He also stated that the business is open to the public, and he had a right to be there and acquire the products.

39. Mr. Folly-Notsron then called the police to report the incident.

40. The police showed up after some minutes.

41. The police officer(s) spoke with Mr. Folly-Notsron and with Ms. Diaz.

42. Subsequently, the officer(s) directed Ms. Diaz to sell the products to Mr. Folly-Notsron.

43. She complied.

44. Upon information and belief, after the transaction was completed she then told the police officer(s) that "they" did not want Mr. Folly-Notsron to shop in the store anymore.

45. The police officer(s) then said to Mr. Folly-Notsron that the business was a public store and that he might need to seek legal advice.

## CLAIMS FOR RELIEF

Plaintiff incorporates all of the above numbered factual paragraphs herein. Based upon all of the above numbered paragraphs, Plaintiff charges Defendants with, and claims relief for:

1. Violations of 42 U.S.C. 21 §1981 (all Defendants).
2. Violations of 42 U.S.C. 21 §1982 (all Defendants).
3. Violations of 42 U.S.C. 21 §2000a et. seq. (against Chelsea Liquor Mart).
4. Violations of Sub-chapter III of 42 U.S.C. 126 (against Chelsea Liquor Mart).
5. Violations of violations of Massachusetts General Laws c. 12, §11I (all Defendants) .
6. Violations of Massachusetts General Laws, c. 272, §98 (all Defendants).
7. Violations of Massachusetts General Laws c. 93, §102 (all Defendants).
8. Violations of Massachusetts General Laws c. 93A, §9 (against Chelsea Liquor Mart).

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court advance this case in every way on the docket and grant a speedy trial and, as a result of said trial, he prays and demands, with respect to all Claims for Relief: injunctive relief where applicable; money damages for emotional distress, trebled where applicable; punitive damages; pre-judgment interest; post

judgment interest; costs and reasonable attorneys' fees as provided for under applicable federal and state statutory law.

## DEMAND FOR SPEEDY JURY TRIAL

The Plaintiff demands a speedy trial by jury on all issues herein which may be tried by right to a jury, and a non-jury trial for all claims not triable by a jury.

Respectfully submitted,
FOLI FOLLY-NOTSRON
By his attorneys

Paul L. Nevins, BBO No. 369930
92 State Street, 8th Floor
Boston, MA 02109
(617) 372-9890
paulnevins@plnevinslaw.com

*/s/ Ilir Kavaja*
Ilir Kavaja, BBO No. 682574
Kavaja Law, P.C.
92 State Street, 8th Floor
Boston, MA 02109
(617) 515-5545
ilir@kavajalaw.com